IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SYSTEMATIC ANALYSIS MANAGEMENT, INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-19-1416 |
| DRIVEN, INC. and OMNIVERE, LLC, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Systematic Analysis Management, Inc. ("SAMi") sued Driven, Inc. and Omnivere, LLC, for breach of contract, unjust enrichment, and tortious interference with business relations. (ECF No. 1.) Driven moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because SAMi's corporate charter was in forfeiture at the time SAMi filed its Complaint. (ECF No. 8.) The matter is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018).

The Court takes judicial notice of SAMi's corporate forfeiture and subsequent revival.[1] *See* SDAT, *Business Entity Search*: "SAMI-Systematic Analysis Management, Inc.", available at: https://egov.maryland.gov/BusinessExpress/EntitySearch/BusinessInformation/D13883376. It is undisputed that SAMi's corporate charter was in forfeiture at the time it filed its Complaint. In

---

[1] Courts may take judicial notice of records found on Maryland's public records database without converting a motion to dismiss to a motion for summary judgment. *See Auto USA, Inc. v. DHL Express (USA), Inc.*, Civ. No. ELH-16-3580, 2017 WL 839525, at *3–4 (D. Md. Mar. 3, 2017) (taking judicial notice that party's corporate charter had been forfeited based on Maryland State Department of Assessments and Taxation's website); *see also* Fed. R. Evid. 201(b).

general, under Maryland law, a corporation may not sue or be sued while its corporate charter is in forfeiture. *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1101 (2004) ("A corporation, the charter for which is forfeit, is a legal non-entity; all powers granted to [a corporation] by law, including the power to sue or be sued, were extinguished generally as of and during the forfeiture period."). The fact that SAMi has since revived its corporate charter does not alter this analysis. *Auto USA, Inc. v. DHL Express (USA), Inc.*, Civ. No. ELH-16-3580, 2017 WL 839525, at *5 (D. Md. Mar. 3, 2017) (dismissing complaint because revival of corporate charter does not "validate retroactively a suit that was invalid when filed") (citing *Tri-Cty. Unlimited, Inc. v. Kids First Swim Sch. Inc.*, 993 A.2d 146, 151 (Md. Ct. Spec. App. 2010)). Because SAMi's corporate charter was in forfeiture at the time it filed its Complaint, Driven's Motion to Dismiss is GRANTED.[2]

## ORDER

In accordance with the foregoing memorandum, it is hereby ORDERED:

1. Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.
2. The Clerk is DIRECTED to CLOSE THIS CASE.

DATED this 24 day of September, 2019.

BY THE COURT:

James K. Bredar
Chief Judge

---

[2] The Court makes no finding regarding Driven's other arguments in favor of dismissal—including its argument that venue is improper—because SAMi had no power to bring suit during its forfeiture, rendering the Complaint "inoperative, null, and void." Md. Code Ann., Corps. & Ass'ns § 3-503.

2